UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BING CHEN, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as the President of the United States, *et al.*,<br><br>    Defendants. | Civil Action No. 22-239 (CKK) |

**MEMORANDUM OPINION**
(February 2, 2022)

This matter is before the court on its initial review of plaintiff's *pro se* [1] Complaint and [2], [3] Emergency Motions. The court shall deny both motions because they present non-justiciable political questions. The court will dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff's two emergency motions seek an order directing the "[United States] government to stop the diplomatic boycott of the 2022 Beijing Winter Olympics." *See* Pls.' 2d Mot. at 5, ECF No. 3. "The principle that the courts lack jurisdiction over political questions that are by their nature 'committed to the political branches to the exclusion of the judiciary' is as old as the fundamental principle of judicial review." *Schneider v. Kissinger*, 412 F.3d 190, 193 (D.C. Cir. 2005) (quoting *Antolok v. United States*, 873 F.2d 369, 379 (D.C. Cir. 1989)). It is well-established that the "conduct of foreign relations of our government is committed by the Constitution to the executive and legislative—'the political'—departments of the government, and the propriety of what may be done in the exercise of this political power is not subject to judicial inquiry or decision." *Oetjen v. Central Leather Co.*, 254 U.S. 297, 311 (1918) (collecting cases). The

President possesses "plenary and exclusive power" in the international arena and "as the sole organ of the federal government in the field of international relations[.]" *United States v. Curtiss–Wright Export Corp.,* 299 U.S. 304, 320 (1936).  Plaintiff's two emergency motions ask the Court to interfere in the conduct of foreign affairs by the Executive branch—a political question over which the Court lacks jurisdiction.  Therefore, both motions shall be **DENIED.**

As to Plaintiff's Complaint, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA,* 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  It also assists the Court in determining whether it has jurisdiction over the subject matter.

Plaintiff Chen Bing is a resident of Maryland,[1] who sues thirty-seven different defendants, including President Joseph R. Biden, former Secretary of State Mike Pompeo, current Secretary of State Antony Blinken, various members and committees of the United States Congress, several executive agencies, journalists, and non-profit organizations, among many others. In general

---

[1] The Complaint is also purportedly brought on behalf of Pacific Research and Education Institute, a "think tank."  However, no counsel is listed on the complaint as representing that entity, and none has entered an appearance.  Only individuals, not corporations or other entities may proceed *pro se*.  *See Lennon v. McClory*, 3 F. Supp. 2d 1461, 1462 n.1 (D.D.C. 1998) (stating that a corporation cannot appear pro se );*McDaniel v. CIA*, 2008 WL 5423259, at *1 (D.D.C. Dec. 30, 2008) (dismissing claims brought by unrepresented entity).

terms, he appears to claim that each defendant has made statements about human rights abuses perpetrated by the Chinese government and alleges that these statements are not true.

The 168-page complaint is simply baffling; a pleading, such as here, that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated[.]" *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (internal quotation marks and citations omitted).  Therefore, this case will be **DISMISSED**.

A separate order accompanies this Memorandum Opinion.

Date: February 2, 2022

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge